```
 1   ERIC C. BELLAFRONTO, Bar No. 162102
     ebellafronto@littler.com
 2   ADAM J. FISS, Bar No. 211799
     afiss@littler.com
 3   LITTLER MENDELSON
     A Professional Corporation
 4   50 West San Fernando Street
     14th Floor
 5   San Jose, CA 95113.2303
     Telephone:  408.998.4150
 6
     DANIEL M. REILLY, Pro Hac Vice
 7   DReilly@litigationcolorado.com
     KENT C. MODESITT, Pro Hac Vice
 8   KModesitt@litigationcolorado.com
     REILLY POZNER & CONNELLY, LLP
 9   511 Sixteenth Street, Suite 700
     Denver, CO 80202
10   Telephone:  303.893.6100

11
     Attorneys for Plaintiff
12   VARIABLE ANNUITY LIFE INSURANCE
     COMPANY
13
```

14                           UNITED STATES DISTRICT COURT

15                          NORTHERN DISTRICT OF CALIFORNIA

```
16   VARIABLE ANNUITY LIFE              Case No.  C06-04477 RMW
     INSURANCE COMPANY,
17                                      STIPULATION AND [PROPOSED]
                     Plaintiff,         PROTECTIVE ORDER AS
18                                      MODIFIED BY THE COURT
         v.                             AND ADDENDUM THERETO
19
     RICK BOYNTON and DOES 1 through
20   25,

21                   Defendants.
```

22

23          Plaintiff Variable Annuity Life Insurance Company (hereinafter "Plaintiff" or

24   "VALIC") and Defendant Rick Boynton (hereinafter "Defendant"), anticipate seeking and/or

25   disclosing in the course of discovery information, which may be privileged, confidential, or

26   proprietary. In order to facilitate discovery of such information while concurrently providing

27   protection to the party disclosing such information, the parties hereto have agreed to enter into a

28   Stipulated Protective Order (hereinafter "Order") limiting the disclosure of such information

1 consistent with the terms set forth herein. The parties further acknowledge, as set forth in Section
2 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information
3 under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the
4 standards that will be applied when a party seeks permission from the court to file material under
5 seal.

6     1. The parties may designate as "CONFIDENTIAL" or as "ATTORNEY'S
7 EYES ONLY" any document, thing, testimony, information, material or other information derived
8 therefrom, disclosed through formal or informal discovery or otherwise in the course of this
9 litigation as hereinafter set forth. "CONFIDENTIAL" ~~or "ATTORNEY'S EYES ONLY"~~ information means
10 ~~information includes information relating to third parties to this lawsuit, trade secrets, confidential~~ information or tangible things that qualify for protection
11 ~~business or financial information, the disclosure of which may have the effect of causing harm to the~~ under standards developed under FRCP 26(c). See
12 ~~competitive position of VALIC or Defendant.~~ Addendum hereto. Such designation shall subject the information
13 produced or provided under said designation to the provisions of this Confidentiality Agreement.

14     2. Confidential documents shall be so designated by stamping copies of the
15 document produced to a party with the legend "CONFIDENTIAL" or "ATTORNEY'S EYES
16 ONLY." Stamping the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on the cover
17 of any multi-page document shall designate all pages of the document as confidential, unless
18 otherwise indicated by the producing party. Blanket-designation of documents or information as
19 "CONFIDENTIAL," or "ATTORNEY'S EYES ONLY," en masse and/or without regard to the
20 specific contents of each document or piece of information is prohibited.

21     3. ~~As a general guideline,~~ Information or materials designated as
22 "ATTORNEY'S EYES ONLY" shall be ~~those trade secrets defined by California Civil Code section~~ extremely sensitive "CONFIDENTIAL"
23 ~~3426.1(d) or documents or information which are of a proprietary, business or technical nature that~~ information whose disclosure to another party or
24 ~~might reasonably be of value to a competitor or potential customer of the party or nonparty holding~~ non-party would create a substantial risk of serious
25 ~~the proprietary rights thereto or might reasonably pose a commercial disadvantage to the producing~~ injury that cannot be avoided by means less restrictive
26 ~~party and must be protected from disclosure.~~ of a party's ability to assist, or receive assistance from counsel.

27     4. Testimony taken at a deposition, ~~conference, hearing or trial~~ may be
28 designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by making a statement to that

STIPULATION AND [PROPOSED]      2.      Case No. C06-04477 RMW

1  effect on the record at the deposition or other proceeding or such designation may be made within
2  twenty (20) court days after the receipt of the transcript. Transcripts will be treated as confidential
3  for the 20-day period. Arrangements shall be made with the court reporter taking and transcribing
4  such proceeding to separately bind such portions of the transcript containing information designated
5  as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," and to label such portions appropriately.

6      5. Material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES
7  ONLY" under this Protective Order, the information contained therein, and any summaries, copies,
8  abstracts, or other documents derived in whole or in part from material designated as
9  "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall be used only for the purpose of the
10 prosecution, defense, or settlement of this action, and for no other purpose.

11     6. Access to any "CONFIDENTIAL" document, thing, testimony, information,
12 material or other information derived therefrom, produced pursuant to this Protective Order may be
13 disclosed or made available only to: the Court; the parties; to counsel for a party (including the
14 paralegal, clerical, and secretarial staff employed by such counsel); and to the "qualified persons"
15 designated below:

16     (a) experts or consultants (together with their clerical staff) retained by such
17         counsel to assist in the prosecution, defense, or settlement of this action;
18     (c) court reporter(s) employed in this action;
19     (d) a witness at any deposition or other proceeding in this action; and
20     (e) any other person as to whom the parties in writing agree. The parties agree
21         that they will act in good faith regarding agreeing to allow
22         "CONFIDENTIAL" documents, things, material to be disclosed to persons
23         under this subsection.

24 Prior to receiving any "CONFIDENTIAL" document, thing, testimony, information, material or
25 other information derived therefrom, each "qualified person" shall be provided with a copy of this
26 Protective Order and shall execute a nondisclosure agreement in the form of Attachment A prior to
27 receiving any "CONFIDENTIAL" material. The fully-executed Nondisclosure Agreement shall be
28 retained by counsel for the party disclosing such "CONFIDENTIAL" material to the qualified

1 person.

2   7.   Access to any "ATTORNEY'S EYES ONLY" document, thing, testimony, information, material or other information derived therefrom, produced pursuant to this Protective Order may be disclosed or made available only to: the Court; to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   (a)   experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action.

   (b)   court reporter(s) employed in this action;

   (c)   any other person as to whom the parties in writing agree. The parties agree that they will act in good faith regarding agreeing to allow "CONFIDENTIAL" documents, things, material to be disclosed to persons under this subsection.

Prior to receiving any "ATTORNEY'S EYES ONLY" document, thing, testimony, information, material or other information derived therefrom, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Attachment A prior to receiving any "ATTORNEY'S EYES ONLY" material. The fully-executed Nondisclosure Agreement shall be retained by counsel for the party disclosing such "ATTORNEY'S EYES ONLY" material to the qualified person.

   8.   Where testimony at a deposition involves disclosure of "CONFIDENTIAL" material, such deposition shall be taken only in the presence of the individuals identified in paragraph 6. Where testimony at a deposition involves disclosure of "ATTORNEY'S EYES ONLY" material, such deposition shall be taken only in the presence of the individuals identified in paragraph 7.

   9.   Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained (see ¶ 13) ~~by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing~~ its own "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" material as it deems appropriate; ~~provided,~~

1  ~~however, if a party has obtained any such material pursuant to a separate confidentiality agreement~~
2  ~~or other legal obligation of confidentiality, that party shall continue to adhere to such confidentiality~~
3  ~~obligations and, in addition, such materials shall be covered by this Protective Order.~~ PVT

4    10. Without written permission from the designating party or a court order
5  secured after appropriate notice to all interested persons, a party may not file in the public record in
6  this action any document, thing, testimony, information, material or other information derived
7  therefrom, designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." All document,
8  thing, testimony, information, material or other information derived therefrom designated as
9  "CONFIDENTIAL" or "ATTORNEY'S EYES" only may only be filed under seal and only after
10  that party has complied with Civil Local Rule 79-5. See Addendum hereto. PVT

11    11. If a party determines certain documents or testimony should have been
12  designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," but were not so designated, the
13  producing party shall notify opposing counsel in writing. Such material shall then be treated as
14  "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" subject to the party's rights under this
15  Protective Order.

16    12. In the event that any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"
17  document, thing, testimony, information, material or other information derived therefrom, is used in
    (unless publicly disclosed,) PVT
18  any court proceeding in this action, it shall not lose its confidential status through such use and the
19  party using such information shall take all reasonable steps to maintain its confidentiality during
20  such use.

21    13. (a) This Protective Order shall be without prejudice to the right of the
22  parties to: (i) bring before the Court at any time the question of whether any particular document or
23  information is "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or whether its use should be
24  restricted; or (ii) present a motion to the Court under Fed. R. Civ. Proc. 26(c) for a separate
25  protective order as to any particular document or information, including restrictions differing from
26  those as specified herein. This Protective Order shall not be deemed to prejudice the parties in any
27  way in any future application for modification of this Protective Order.
28    (b) A party that elects to initiate a challenge to a confidentiality designation must

STIPULATION AND [PROPOSED]       5.    Case No. C06-04477 RMW

1  do so in good faith and must begin the process by conferring directly (in voice to voice dialogue;
2  other forms of communication are not sufficient) with counsel for the party designating the
3  documents as confidential. In conferring, the challenging party must explain the basis for its belief
4  that the confidentiality designation was not proper and must give the designating party an
5  opportunity to review the designated material, to reconsider the circumstances, and, if no change in
6  designation is offered, to explain the basis for the chosen designation. A challenging party may
7  proceed to the next stage of the challenge process only if it has engaged in this meet and confer
8  process first.

9     (c)  A party that elects to press a challenge to a confidentiality designation after
10 considering the justification offered by the designating party may file and serve a motion under Civil
11 Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the
12 challenged material and sets forth in detail the basis for the challenge. Each such motion must be
13 accompanied by a competent declaration that affirms that the movant has complied with the meet
14 and confer requirements imposed in the preceding paragraph and that sets forth with specificity the
15 justification for the confidentiality designation that was given by the designating party in the meet
16 and confer dialogue.

17    (d)  The burden of persuasion in any such challenge proceeding shall be on the
18 designating party. Until the court rules on the challenge, all parties shall continue to afford the
19 material in question the level of protection to which it is entitled under the producing party's
20 designation.

21    14.  This Protective Order is entered solely for the purpose of facilitating the
22 exchange of documents and information between the parties to this action without involving the
23 Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any
24 information or document under the terms of this Protective Order nor any proceedings pursuant to
25 this Protective Order shall be deemed to have the effect of any admission or waiver by either party or
26 of altering the confidentiality or non-confidentiality of any such document or information or altering
27 any existing obligation of any party~~, or the absence thereof~~. PV

28    15.  This Protective Order shall survive the final termination of this action, to the

LITTLER MENDELSON
STIPULATION AND [PROPOSED]   6.   Case No. C06-04477 RMW

1  extent that the information contained in "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"
2  material is not or does not become known to the public, and the Court shall retain jurisdiction to
3  resolve any dispute concerning the use of information disclosed hereunder.

4      16. Unless otherwise ordered or agreed in writing by the producing party, within
5  sixty days after the final termination of this action, each party in possession of any document, thing,
6  testimony, information, material or other information derived therefrom designated as
7  "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" must return all such information to the
8  producing party, including all copies, abstracts, compilations, summaries or any other form of
9  reproducing or capturing anything designated as "CONFIDENTIAL" or ATTORNEY'S EYES
10 ONLY." With permission in writing from the designating party, the party in possession of such
11 information may destroy some or all of the information or material designated as
12 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" instead of returning it. Whether the
13 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information or material is returned or
14 destroyed, the party who received that information or material must submit a written certification to
15 the producing party (and, if not the same person or entity, to the designating party) by the sixty day
16 deadline that identifies (by category, where appropriate) all the "CONFIDENTIAL" or
17 "ATTORNEY'S EYES ONLY" information or material that was returned or destroyed and that
18 affirms that the party who received the information has not retained any copies, abstracts,
19 compilations, summaries or other forms of reproducing or capturing any of the "CONFIDENTIAL"
20 or "ATTORNEY'S EYES ONLY" information or material.

21      Notwithstanding this provision, counsel are entitled to retain an archival copy of all
22 pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,
23 even if such materials contain "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information
24 or material. Any such archival copies that contain or constitute "CONFIDENTIAL" or
25 "ATTORNEY'S EYES ONLY" information or material remain subject to this Protective Order.

26      17. In the event any person shall violate or threaten to violate the terms of this
27 Protective Order, the parties agree that any aggrieved party may immediately apply to obtain
28 injunctive relief against any such person violating or threatening to violate any of the terms of this

LITTLER MENDELSON
STIPULATION AND [PROPOSED]    7.    Case No. C06-04477 RMW

Protective Order, and in the event that a party does so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. However, the right to apply to obtain injunctive relief does not preclude any aggrieved party from obtaining money damages for violation or threatened violation of this Protective Order.

Dated: October 24, 2006

ADAM J. FISS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Plaintiff
VARIABLE ANNUITY LIFE INSURANCE COMPANY

Dated: October 24, 2006

JEFF PARK
PHILLIP J. GRIEGO & ASSOCIATES
A Professional Corporation
Attorneys for Defendant
RICK BOYNTON

**IT IS SO ORDERED.**

Dated: 11/14/06

UNITED STATES ~~DISTRICT COURT~~ JUDGE
MAGISTRATE

STIPULATION AND [PROPOSED]                  8.    Case No. C06-04477 RMW

## Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order ~~entered in~~ *as modified by the Court, and Addendum Thereto*, *Variable Annuity Life Insurance Company v. Rick Boynton*, United Stated District Court for the Northern District of California, Civil Action No. C06-04477 RMW, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

Signed: _____

Name: _____

Address: _____

Firmwide:81453416.1 044844.1005

# ADDENDUM TO PROTECTIVE ORDER
*Variable Annuity Life Ins. Co. v. Rick Boynton*
Case No. C06-4477 RMW (PVT)

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Attorney's Eyes Only," the designating party's counsel shall make a good faith determination that the information warrants that level of protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel should note that not all confidential documents warrant the "Confidential -- Attorney's Eyes Only" level of protection. This heightened level of protection is appropriate only for the most highly sensitive information; it is warranted only if "the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer." *See, Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983). Thus, the court expects the parties to use this designation sparingly. *See, e.g., THK America v. NSK Co., Ltd.*, 157 F.R.D. 637 (N.D. Ill. 1993) (revoking party's right to use "attorney's eyes only" designation as sanction for bad faith overuse of that designation).

Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Attorney's Eyes Only" puts an additional burden on the court and opposing parties. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the

1 | document is over-designated.

2 | REQUESTS TO FILE DOCUMENTS UNDER SEAL

3 | Any party wishing to file any document(s) designated "Confidential" or "Attorney's Eyes Only" shall lodge the document(s) along with a Request for Sealing pursuant to Civil Local Rule 79-5. The document(s) shall be submitted in an appropriate envelope labeled with the case name and number and the title of the document(s). Unless otherwise ordered by the Court, **WITHIN FIVE DAYS AFTER ANY REQUEST FOR SEALING IS FILED**, any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under rule 26(c). The parties are cautioned that "Broad allegations of harm, however, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Further, the factual showing must address separately each portion of the materials that the party contends warrants protection. *See* Civil Local Rule 79-5.

Dated: 11/14/06

PATRICIA V. TRUMBULL
United States Magistrate Judge